IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

TIMOTHY AND SUSAN BARRY,                 )    CIVIL ACTION NO.: 9  DKC 10 CV 3120
C/O Ian Stumpf, Esq.                     )
JR Howell & Associates                   )         CLERK'S OFFICE
1325 G Street NW                         )         AT GREENBELT
Suite 500                                )
Washington D.C. 20005                    )    BY ___KN___    DEPUTY
                                         )
        Plaintiffs,                      )
                                         )
vs.                                      )
                                         )
EMC MORTGAGE                             )
C/O The Corporation Trust Inc.           )
351 West Camden Street                   )
Baltimore, MD 21201                      )
                                         )
FIRST OHIO BANC AND LENDING              )
C/O Kirk M Doskocil                      )
6100 Rockside Woods Blvd.                )
Suite 100                                )
Independence, OH 44131                   )
                                         )    **JURY DEMAND ENDORSED HEREON.**
        Defendants.                      )

## COMPLAINT – ACTION INVOLVING REAL PROPERTY

Five years ago, Plaintiffs Mr. and Mrs. Timothy and Susan Barry sought to refinance

their home loan to afford renovations on their primary residence. After several financial

institutions declined to offer credit to the Barrys because of their debt to income ratio and credit

scores, First Ohio Banc and Lending offered them refinancing in the form of a subprime

mortgage. The Barrys ended up paying interest-only on a negatively amortizing payment

schedule to an adjustable rate loan. After requesting a restructuring of their loan, EMC

Mortgage increased the Barrys' monthly loan payments, which set them up for default. The

Barrys now seek relief from the terms of their mortgage under various consumer protection statutes and common law doctrines.

## THE PARTIES

1. Mr. and Mrs. Tim and Susan Barry are the Plaintiffs and homeowners in this action.

2. Defendant First Ohio Banc and Lending was the original lender in the transaction through which Mr. and Mrs. Barry refinanced their home mortgage. First Ohio Banc and Lending is an Ohio corporation with its principal place of business in Ohio.

3. Defendant EMC Mortgage is a subsequent assignee of the Barrys' mortgage and currently owns and services the loan. EMC Mortgage is a Delaware Corporation with its principal place of business located at 800 State Highway 121 Bypass, Lewisville, TX 75067.

## JURISDICTION AND VENUE

4. The United States District Court for District of Maryland has jurisdiction under 28 U.S.C. §1331; 15 U.S.C. § 1640; Title 12 C.F.R., Regulation Z, Part 226.1(c)(3), Title 24 C.F.R., Regulation X, Part 3500. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(1), (b)(2), and (c).

## FACTUAL ALLEGATIONS

5. In 2005, Mr. and Mrs. Barry refinanced their original mortgage.

6. The broker of their refinance was First Ohio Banc and Lending Services ("First Ohio Banc").

7. Mr. and Mrs. Barry had contacted several potential lenders to refinance their home loan because they intended to make improvements to their primary residence.

8. As such, they contacted several institutions via the internet for potential funding sources.

9. Several of these lenders declined to fund their refinance for lack of adequate credit, lack of home equity, and for an imbalanced debt to income ratio.

10. First Ohio Banc and Lending, however, agreed to evaluate the Barrys for possible refinancing options.

11. The Barrys came to First Ohio Banc after filling out a general form on a website that allowed consumers to evaluate offers from multiple potential lenders.

12. In response to the online questionnaire, First Ohio Banc contacted the Barrys via telephone to learn more about their financial situation.

13. A representative of First Ohio Banc conducted a financial screening interview over the phone, at which point the Barrys explained that they wanted to refinance out of their original mortgage to obtain a liquidation of a portion of their home equity.

14. The representative explained that the Barrys would be able to obtain $75,000 in equity from the refinance transaction.

15. The representative also explained the total amount of the refinance sum.

16. The representative did not verify the Barrys' ability to repay the loan under the original rate.

17. Nor did the representative verify the Barrys' ability to repay the loan as it was set to adjust.

18. After the phone conversation, the representative directed the Barrys to an online loan application, which they filled out and submitted via fax to First Ohio Banc.

19. Two weeks later, the Barrys received a loan approval.

20. At this point, a title company contacted the Barrys to schedule a settlement date. The settlement was scheduled to take place at the Barrys' residence.

21. On the day of settlement, the Barrys were unnerved by the settlement officer's lack of knowledge about the transaction.

22. This was important because several material details in the loan they received were drastically different from those to be a part of the loan they believed they had applied for during the original loan application.

23. Importantly, the total amount of the refinance was lower than what the Barrys were originally quoted.

24. And, the equity cash out for home improvement projects was less than the $75,000 that was originally stated. This new amount was $60,000.

25. These discrepancies notwithstanding, the Barrys proceeded with the refinance because they had already made commitments on the home improvement projects based on their original loan approval.

26. Additionally, several important disclosures were missing from First Ohio Banc's settlement package and were never provided to the Barrys.

27. Upon information and belief, these disclosures were never furnished to the Barrys, as a part of an effort to induce the Barrys into agreeing to a loan different than the one for which they had originally applied.

28. As the Barrys became aware of these deceptions, they undertook efforts to discover the true nature of their transaction. For instance, approximately 14 months after settlement, Mr. Barry discovered that despite his regular monthly payments, the actual loan amount was not decreasing.

29. In fact, at no point during the life of the loan did the principal amount or the total amount owed ever decrease.

4

30. This is the first time the Barrys discovered that they were making interest-only payments on a negatively amortizing loan.

31. First Ohio Banc eventually sold the loan to EMC Mortgage, which both owns and services the loan.

32. On or about October or November 2009, Mr. Barry contacted EMC Mortgage via telephone to address this problem.

33. A representative of EMC Mortgage listened to Mr. Barry's complaints about the interest-only negatively amortizing loan, the representative suggested a new agreement to restructure the previous terms that would satisfy and replace the 2005 refinance (the "2009 restructuring").

34. Under the agreement, the Barrys' adjustable rate loan would convert to a fixed interest rate of 5.5% for 5 years.

35. Additionally, Mr. Barry was told that his payment would be higher than what he was paying previously. This previous payment was approximately $2400.00. The new payment would be approximately $2850.00. Under the new payment, EMC Mortgage would apply some of the payment to reduce the principal.

36. The 2009 restructuring was secured by the Barrys' principal dwelling.

37. The representative sent an agreement via Federal Express to be signed by the Barrys and returned to EMC Mortgage, which the Barrys did. After the loan restructuring went into effect, the first new bill requested a payment of approximately $2850.00.

38. Further, despite the restructuring, the total loan amount was not decreasing nor was the outstanding principal decreasing. However, it was represented to the Barrys by EMC Mortgage that the agreement to restructure the loan would remedy this precise problem.

Instead, the problem was not fixed and the Barrys were stuck making higher monthly payments.

39. Five months later, the Barrys struggled to pay the higher amount under the 2009 Restructuring. As such, they once more contacted EMC and requested a reduction in their payment.

40. EMC Mortgage entered into an agreement with the Barrys to decrease their loan payment. Under the terms of this agreement, the Barrys' loan payment would decrease to $2400.00 for 6 months. The Barrys began making timely payments in full under this plan. Upon information and belief, this was an agreement for a loan modification trial period.

41. Under the terms of the trial period plan, EMC Mortgage explained to the Barrys that if they successfully made the 6 payments on time and in full, the modification would become permanent, at a lower interest rate with the lower payment. The Barrys did in fact make these payments on time and in full.

42. At the end of the 6 months, instead of making the modification permanent, EMC Mortgage sent the Barrys a bill demanding a sum well above the $2400.00 that they were paying before the agreement was put into place.

43. It is unclear how this calculation was made.

44. However, it appears that EMC Mortgage required the Barrys to pay the sum of the regular payment of $2850.00 plus the difference of the $2400.00 that the Barrys had paid for each month for previous six months and the $2850.00 regular monthly payment multiplied by six months. For instance: 2850.00 + 6 (2850.00-2400.00) = arrearage.

45. The Barrys were unable to make this substantial payment, which placed them in default.

46.  This fluctuation of interest rates, fees, and charges under either or both the 2009
     Restructuring and the most recent agreement constitutes a variable rate adjustment.

## COUNT I (BREACH OF CONTRACT)

47.  The facts made above in paragraphs 1 through 46 are hereby realleged as though fully
     set out and incorporated by reference herein.

48.  Defendant EMC Mortgage created a binding agreement with the loan modification trial
     period.

49.  Defendant EMC Mortgage unilaterally cancelled and/or breached this agreement by
     demanding a payment greater than what was originally agreed upon.

50.  Defendant EMC Mortgage assessed fees, charges, penalties, and payments in violation
     of the parties' agreement.

51.  Defendant EMC Mortgage accelerated Plaintiffs' payment in violation of the agreement.

52.  As a direct and/or proximate result of Defendant's breaches, Plaintiffs have suffered
     direct and consequential damages.

## COUNT II (GROSS NEGLIGENCE)

53.  The facts made above in paragraphs 1 through 52 are hereby realleged as though fully
     set out and incorporated by reference herein.

54.  EMC Mortgage is an assignee of First Ohio Banc under the deed of trust and promissory
     note.

55.  In carrying out the obligations under the deed of trust and promissory note, Defendants
     EMC Mortgage and First Ohio Banc owed Plaintiffs a duty to act in good faith and fair
     dealing, which defendants breached.

56. In entering the refinance transaction, Defendant First Ohio Banc owed the following duties to Plaintiffs, which Defendant breached:

    a. A duty to send a settlement officer with knowledge of the refinance transaction;

    b. A duty to explain prior to settlement that the cash amount from the home equity would be less than originally stated;

    c. A duty to explain prior to settlement that the total refinance amount would be less than originally stated;

    d. A duty to explain that the loan was negatively amortizing;

    e. A duty to explain that the loan was interest-only; and

    f. A duty not to sell Plaintiffs a loan they did not have the ability to repay.

57. In entering the restructuring transaction and as an assignee of the deed of trust and promissory note, Defendant EMC Mortgage owed the following duties to Plaintiffs, which Defendant breached:

    a. A duty to explain that the 2005 loan was negatively amortizing;

    b. A duty to explain that the 2005 loan was interest only;

    c. A duty to disclose the full costs of the 2009 loan restructuring;

    d. A duty to honestly state the monthly payment of the 2009 loan restructuring;

    e. A duty to honestly state the full payment plan of the 2009 loan restructuring;

    f. A duty to honestly state the duration of the loan after the 2009 loan restructuring; and

    g. A duty to refrain from canceling the loan modification trial period and/or accelerating the debt upon the completion of the trial period.

58. As a direct and/or proximate result of Defendants' breaches, Plaintiffs have suffered actual and other damages.

## COUNT III (INTENTIONAL VIOLATION OF THE DUTY OF GOOD FAITH)

59. The facts made above in paragraphs 1 through 58 are hereby realleged as though fully set out and incorporated by reference herein.

60. Defendants EMC Mortgage and First Ohio Banc had obligations to carry out their duties under the Deed of Trust in good faith and to deal fairly with Plaintiffs.

61. Defendants EMC Mortgage and First Ohio Banc's conduct in entering into and managing the transactions explained above was in bad faith.

62. Defendants EMC Mortgage and First Ohio Banc's improper conduct was carried out for their own pecuniary gain.

## COUNTS IV, V, VI, VII (FRAUD, FRAUDULENT CONCEALMENT, FRAUDULENT MISREPRESENTATION, NEGLIGENT MISREPRESENTATION)

63. The facts made above in paragraphs 1 through 62 are hereby realleged as though fully set out and incorporated by reference herein.

64. During the time of the loan application, Defendant First Ohio Banc misrepresented to the Barrys:

   a. Their ability to repay the loan;

   b. Their qualifications for the loan amount;

   c. The cash amount from the home equity they would actually receive;

   d. The actual amount of the total home refinance;

   e. That making the minimum payments on the loan would actually lead to paying off the loan over 30 years when, in fact, making the minimum payments would only cause the loan to increase and extend the repayment period; and

9

  f. That the loan itself was an interest only loan.

65. Defendant First Ohio Banc made these misrepresentations knowing they were false, with the purpose of inducing the Barrys to obtain credit from First Ohio Banc.

66. Defendant First Ohio Banc had an obligation to disclose the truth.

67. The Barrys relied on these misrepresentations and had the right to do so by virtue of their consumer status.

68. These misrepresentations denied the Barrys the opportunity to find cheaper credit and/or a non-predatory loan. As a result, they have been injured in that they paid more for the credit they were defrauded into obtaining.

69. These misrepresentations were a proximate cause of their current financial distress and subsequent harms done by EMC Mortgage.

## COUNT VIII (UNFAIR OR DECEPTIVE TRADE PRACTICES AND OTHER VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT)

70. The facts made above in paragraphs 1 through 69 are hereby realleged as though fully set out and incorporated by reference herein.

71. The conduct, omissions, and/or misrepresentations of Defendant EMC Mortgage in the 2009 loan restructuring and the subsequent inducements and misrepresentations pertaining to the subsequent loan modification and/or the trial period and the unilateral cancellation of the same constitute unfair or deceptive trade practices and violate the Maryland Consumer Protection Act.

72. The conduct, omissions, and/or misrepresentations of Defendant First Ohio Banc with regard to the inducement into the 2005 refinance transaction constitute unfair or deceptive trade practices and violate the Maryland Consumer Protection Act.

73. Reference is hereby made explicitly to the acts complained of in Counts I through VI.

74. Plaintiffs are within the class of persons this statute was designed to protect.

75. As a direct, proximate, and foreseeable result of Defendant EMC Mortgage's actions,

Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT IX (UNFAIR TRADE PRACTICES INVOLVING NON-COMPLIANCE, 15 USC SECTIONS 1601, ET. SEQ.)

76. The facts made above in paragraphs 1 through 75 are hereby realleged as though fully

set out and incorporated by reference herein.

77. The loan restructuring documents detailing payment rates and/or plan details were never

given to Plaintiffs.

78. The above-mentioned constitutes a false representation of the agreement, a non-purchase

money transaction, secured by Plaintiffs' primary residence.

79. As a direct, proximate, and foreseeable result of Defendant EMC Mortgage's actions,

Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT X (MISSING STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1635, ET. SEQ.)

80. The facts made above in paragraphs 1 through 79 are hereby realleged as though fully

set out and incorporated by reference herein.

81. The two required statements under 15 USC 1639(a)(1)(A) and (B) are completely

missing from EMC Mortgage's disclosures.

82. Defendant EMC Mortgage also failed and /or refused to meet the disclosure

requirements of Section 1635, by not providing the notice/disclosure or filing it before,

during, or immediately after the settlement, as required under this statute.

83. Plaintiffs are specifically in the class of persons this statute was designed to protect.

84. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper

notice, Plaintiffs are subject to loss of property and loss of use of property and other

damages.

## COUNT XI (MISSING DISCLOSURE STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1638, ET. SEQ.)

85. The facts made above in paragraphs 1 through 84 are hereby realleged as though fully set out and incorporated by reference herein.

86. The required disclosure statements are completely missing under 15 USC 1638(a)(2)(B) (a)(9), (a)(11) and (a)(12) and Regulation Z, Part 226.17 et seq.

87. Defendant EMC Mortgage failed and /or refused to meet the disclosure requirements of Section 1638, by not providing the disclosure or causing its filing before, during, or immediately after the settlement, as required under this statute.

88. Plaintiffs are specifically in the class of persons this statute was designed to protect.

89. As a direct, proximate, and foreseeable result of Defendant EMC Mortgage's failure to provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XII (DISCLOSURE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

90. The facts made above in paragraphs 1 through 89 are hereby realleged as though fully set out and incorporated by reference herein.

91. The Federal Reserve Board Interpretation, Title 12 Code of Federal Regulations Part 226, Supplement I, Paragraph 23(a)(1), provides that in the present case the transaction is rescindable for reasons above and below stated.

92. The disclosures made in relation to the consumer credit transaction were not presented in the manner required by law. Furthermore, the disclosures were not grouped together and

were not segregated from everything else as required by Title 12 Code of Federal

Regulations, Section 226.17(a)(1) and in this case were not given at all.

93. Plaintiffs are specifically in the class of persons this statute was designed to protect.

94. As a direct, proximate, and foreseeable result of Defendant EMC Mortgage's failure to

provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use

of property and other damages.

## COUNT XIII (RIGHT TO RESCIND VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

95. The facts made above in paragraphs 1 through 94 are hereby realleged as though fully

set out and incorporated by reference herein.

96. The right to rescind or cancel settlement document was unsigned by both parties, and

was not disclosed or given, as required by Title 12 Code of Federal Regulation, Section

226.18 et seq.

97. Plaintiffs are specifically in the class of persons this statute was designed to protect.

98. As a direct, proximate, and foreseeable result of Defendant EMC Mortgage's failure to

provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use

of property and other damages.

## COUNT XIV (RIGHT TO CANCEL VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

99. The facts made above in paragraphs 1 through 98 are hereby realleged as though fully

set out and incorporated by reference herein.

100. There was no separate form to cancel, as required by Title 12 Code of Federal

Regulation, Section 226 et seq.

101. Plaintiffs are specifically in the class of persons this statute was designed to protect.

102. As a direct, proximate, and foreseeable result of Defendant EMC Mortgage's failure to provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XV (DECEPTIVE GROUPING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

103. The facts made above in paragraphs 1 through 102 are hereby realleged as though fully set out and incorporated by reference herein.

104. The interest disclosures were not given from Defendant EMC Mortgage together with other information within the documents per the loan restructuring in 2009.

105. Plaintiffs are specifically in the class of persons this statute was designed to protect.

106. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XVI (NO GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

107. The facts made above in paragraphs 1 through 106 are hereby realleged as though fully set out and incorporated by reference herein.

108. No good faith estimate copy was received by Plaintiffs, as required by 12 Code of Federal Regulation, Section 226.18(c) and 12 USC 2601 et seq., in either the 2005 refinance or the 2009 restructuring.

109. Defendants First Ohio Banc and EMC Mortgage deceived Plaintiffs with the concealment of the good faith estimates.

110. Such deception caused Plaintiffs to enter into the 2005 refinance and the 2009 restructuring.

111. Plaintiffs are specifically in the class of persons this statute was designed to protect.

112. As a direct, proximate, and foreseeable result of Defendants' failures to provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XVII (CONSUMER STATEMENT MISSING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

113. The facts made above in paragraphs 1 through 112 are hereby realleged as though fully set out and incorporated by reference herein.

114. A statement that the consumer should refer to the appropriate contract document and clause for information about nonpayment, default, the right to accelerate was not given by Defendant EMC Mortgage, as required by Title 12 Code of Federal Regulation, Section 226.18(p).

115. Plaintiffs are specifically in the class of persons this statute was designed to protect.

116. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice/disclosure, defendant is subject to loss of property and loss of use of property and other damages.

## COUNT XVIII (DISCLOSURE VIOLATIONS, PURSUANT TO TITLE 15 U.S.C. SECTION 1601, ET. SEQ. AND REGULATION Z)

117. The facts made above in paragraphs 1 through 116 are hereby realleged as though fully set out and incorporated by reference herein.

118. Since this action was commenced, Defendant EMC Mortgage has continued and so continues to violate the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226, which was adopted pursuant to such Act, by failing to properly make the disclosures

required by the Act and Regulation Z, as set forth herein.

119. Plaintiffs are specifically in the class of persons this statute was designed to protect.

120. As a direct, proximate, and foreseeable result of Defendant EMC Mortgage's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XIX (FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR SECTION 226.4, ET. SEQ.)

121. The facts made above in paragraphs 1 through 120 are hereby realleged as though fully set out and incorporated by reference herein.

122. Defendant EMC Mortgage failed to disclose in or with the disclosure statements, because no disclosure statements were given, the amount of the balance to which the rate was applied and an explanation of how that balance was determined and further failed to disclose the fact that the balance is determined without first deducting all credits and payments made and payments as required by Title 12 Code of Federal Regulations, Section 226.4 et seq.

123. Plaintiffs are specifically in the class of persons this statute was designed to protect.

124. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XX (FAILURE TO DISCLOSE ITEMIZATION OF CHARGES, PURSUANT TO TITLE 12 USC 2610 ET SEQ.)

125. The facts made above in paragraphs 1 through 124 are hereby realleged as though fully set out and incorporated by reference herein.

126. Defendant EMC Mortgage failed to disclose the amounts, itemized and identified by

16

type, of charges other than finance charges debited to the account during the acceleration period as required by Title 12 Code of Federal Regulations, Section 226.21.

127. Plaintiffs are specifically in the class of persons this statute was designed to protect.

128. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XXI (INFLATION OF ACCELERATION FEES, IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ.)

129. The facts made above in paragraphs 1 through 128 are hereby realleged as though fully set out and incorporated by reference herein.

130. Defendant EMC Mortgage has inflated the acceleration fees without operation of law, which amounts to usurious interest, in violation of Banking Law at 12 USC 2610 et seq.

131. Plaintiffs are specifically in the class of persons this statute was designed to protect.

132. As a direct, proximate, and foreseeable result of Defendant's unlawful inflation, Plaintiffs are subject to loss of property and loss of use of property and other damages as a result of Defendant's failure.

## COUNT XXII (FAILURE TO DISCLOSE DATE, IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ.)

133. The facts made above in paragraphs 1 through 132 are hereby realleged as though fully set out and incorporated by reference herein.

134. Defendant EMC Mortgage failed to disclose the date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges as required by Title 12 Code of Federal Regulations, Section 226.18(p).

135. Plaintiffs are specifically in the class of persons this statute was designed to protect.

136. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XXIII (FAILURE TO PROVIDE COPIES OF MORTGAGE, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ.)

137. The facts made above in paragraphs 1 through 136 are hereby realleged as though fully set out and incorporated by reference herein.

138. Defendant EMC Mortgage failed to give to Plaintiffs signed copies of the complete mortgage as required by 15 USC 1601 et seq. within a reasonable amount of time.

139. Plaintiffs are specifically in the class of persons this statute was designed to protect.

140. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XXIV (FAILURE TO OBTAIN SIGNED LOAN DOCUMENTS, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND TITLE 12, REGULATION Z, PART 226 ET. SEQ.)

141. The facts made above in paragraphs 1 through 140 are hereby realleged as though fully set out and incorporated by reference herein.

142. Defendant EMC Mortgage failed to give the required statements in various loan documents and have them signed by Plaintiffs, as required by 15 USC 1601 et seq. and Title 12, Regulation Z, Part 226 et seq.

143. Plaintiffs are specifically in the class of persons this statute was designed to protect.

144. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other

damages.

## COUNT XXV (FAILURE TO DISCLOSE HIGHER INTERST RATE, IN VIOLATION OF 12 USC SECTION 2601, ET. SEQ.)

145. The facts made above in paragraphs 1 through 144 are hereby realleged as though fully set out and incorporated by reference herein.

146. Defendants EMC Mortgage and First Ohio Banc failed to disclose to Plaintiffs that the loans obtained had an interest rate higher than the rate reflected in the Preliminary Disclosures as required by 12 USC 2601 et seq.

147. Plaintiffs are specifically in the class of persons this statute was designed to protect.

148. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages as a result of Defendants' failures.

## COUNT XXVI (FAILURE TO DISCLOSE LOAN ORGINATION FEE, IN VIOLATION OF 12 USC SECTION 2601, ET. SEQ.)

149. The facts made above in paragraphs 1 through 148 are hereby realleged as though fully set out and incorporated by reference herein.

150. Defendant EMC Mortgage failed to disclose to Plaintiffs that the loan obtained required loan origination fees.

151. Plaintiffs are specifically in the class of persons this statute was designed to protect.

152. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property, loss of use of property and other damages.

## COUNT XXVII (FAILURE TO GIVE 3 DAY COOLING PERIOD, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND REGULATION Z)

153. The facts made above in paragraphs 1 through 152 are hereby realleged as though fully

set out and incorporated by reference herein.

154. Defendants EMC Mortgage and First Ohio Banc failed to give Plaintiffs the required 3 day cooling off period, as required by Regulation Z and 15 USC 1601 et seq.

155. Defendant First Ohio Banc's deceptive conduct prevented Plaintiffs from learning of their right to rescind.

156. Plaintiffs are specifically in the class of persons this statute was designed to protect.

157. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper disclosure, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XXVIII (FAILURE TO GIVE CONSPICUOUS WRITINGS, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18)

158. The facts made above in paragraphs 1 through 157 are hereby realleged as though fully set out and incorporated by reference herein.

159. By reason of the foregoing, Defendants EMC Mortgage and First Ohio Banc have failed to make the disclosures required by 15 USC 1601 et seq. and Title 12 Code of Federal Regulations, Section 226.18, clearly and conspicuously in writing, in a form that Plaintiffs could keep as required by 15 USC 1601 et seq. and Title 12, Code of Federal Regulations, Section 226.18.

160. As a proximate result of the foregoing, the Plaintiffs herein have the right to rescind the 2009 transaction and the right to damages for the 2005 transaction.

161. Plaintiffs are specifically in the class of persons this statute was designed to protect.

162. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other

damages.

## COUNT XXIX (FAILURE TO DISCLOSE INTEREST RATE PURSUANT TO REGULATION Z, PART 226.4)

163. The facts made above in paragraphs 1 through 162 are hereby realleged as though fully set out and incorporated by reference herein.

164. Defendant EMC Mortgage failed to disclose beginning interest rates and the adjustable rate rider.

165. Plaintiffs are specifically in the class of persons this statute was designed to protect.

166. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XXX (INJUNCTIVE RELIEF)

167. The facts made above in paragraphs 1 through 166 are hereby realleged as though fully set out and incorporated by reference herein.

168. Plaintiffs have been and will continue to be seriously injured unless Defendant EMC Mortgage's foreclosure, negative credit reporting, and other activities complained of are preliminarily and permanently enjoined. Plaintiffs will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants for the following relief:

A.      An injunction preventing EMC Mortgage and any or all of its agents from entering the property or attempting to take any action to take possession of the property, including, but not

limited to, instituting foreclosure proceedings, pending the resolution of the matters raised in this Complaint;

B.      As a result of Defendants' violations of the Truth in Lending, Defendants are liable to Plaintiffs in an amount up to $4000.00 for each and every violation, for attorney fees, court costs, and litigation expenses;

C.      Damages for the Unfair and Deceptive Acts and Practices for each and every violation;

D.      Compensation to Plaintiffs for Defendants' Gross Negligence, violations of the Duty of Good Faith and Fair Dealing, Fraud, Fraudulent Concealment, Fraudulent Misrepresentation, Negligent Misrepresentation, including punitive damages, attorney fees, court costs, and litigation expenses;

E.      Damages and other relief stemming from the usurious interest;

F.      Compensation to Plaintiffs for punitive damages, treble damages as allowed, litigation expenses, court costs, attorney fees, and such other relief as this Court may deem appropriate.

Respectfully submitted,

Ian Stumpf
JR Howell & Associates
1325 G Street NW
Suite 500
Washington D.C. 20005
P: 202.552.7386
F: 202.552.7387
E: istumpf@jrhlegalstrategies.com
*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury with respect to all matters and issues properly triable by a

jury.

DATED: 11/3/10

Respectfully submitted,

Ian Stumpf
JR Howell & Associates LLP
1325 G Street NW
Suite 500
Washington D.C. 20005
P: 202.552.7386
F: 202.552.7387
E: istumpf@jrhlegalstrategies.com
*Attorney for Plaintiffs*