IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | : | |
| TIMOTHY BARRY, et al. | | |
| | : | |
| v. | : | Civil Action No. DKC 10-3120 |
| | : | |
| EMC MORTGAGE | | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to strike affirmative defenses filed by Plaintiffs Timothy and Susan Barry. (ECF No. 26). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

## I.   Background[1]

This case arises from the efforts of Plaintiffs Timothy and Susan Barry to refinance the mortgage on their Maryland home. After contacting several lenders, Plaintiffs spoke with a representative at First Ohio Banc and Lending ("First Ohio"), who allegedly informed them that they could obtain $75,000 in

---

[1] The background of this case is discussed at greater length in the court's earlier memorandum opinion denying Defendant EMC Mortgage Corp.'s ("EMC") motion for a more definite statement and granting its motion to dismiss various counts in Plaintiffs' complaint. *See Barry v. EMC Mortg.*, No. DKC 10-3120, 2011 WL 2669436, at *1-2 (D.Md. July 6, 2011).

equity from the refinance. (ECF No. 1 ¶¶ 5, 7, 13-14). Plaintiffs and First Ohio agreed on a settlement date and, although "unnerved by the settlement officer's lack of knowledge about the transaction" and certain discrepancies between the planned and official loan transactions, such as a lower equity cash out, Plaintiffs proceeded with the refinance. (*Id.* ¶¶ 18-24). Plaintiffs subsequently realized that they were making interest only payments on a negatively amortizing loan and contacted EMC, to whom First Ohio had sold the loan, to discuss a potential restructuring. (*Id.* ¶¶ 29-30, 33-35). Although Plaintiffs allegedly reached agreements with EMC designed to modify the loan and lower the loan's principal, the principal nonetheless continued to increase, as did Plaintiffs' monthly payments. (*Id.* ¶¶ 33-35, 37, 40-44). Unable to make these payments, Plaintiffs defaulted on the loan. (*Id.* ¶ 45).

On November 3, 2010, Plaintiffs filed a thirty-count complaint in federal court. (ECF No. 1). Count I alleged that EMC breached the loan modification agreement. Count II alleged that both EMC and First Ohio were liable for gross negligence. Count III alleged that both Defendants were liable for an "intentional violation of the duty of good faith." Counts IV, V, VI, and VII alleged that First Ohio was liable for "fraud, fraudulent concealment, fraudulent misrepresentation, and

negligent misrepresentation." Count VIII alleged that EMC was liable for violations of the Maryland Consumer Protection Act. Counts IX through XXIX alleged that EMC was liable for violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, and corresponding regulations. Counts XVI, XXV, XXVII, and XXVIII also implicated First Ohio. Finally, count XXX sought injunctive relief to prohibit EMC from foreclosing on the property, submitting negative credit reporting, or engaging in any other complained of activity.

First Ohio moved to dismiss all counts raised against it, claiming that the relevant statutes of limitation had expired. (ECF No. 9). EMC filed a motion for a more definite statement as to counts I and VIII and also sought to dismiss counts II, III, and IX through XXX. (ECF No. 6). On July 6, 2011, First Ohio's motion was granted, and all counts against it were dismissed. (ECF No. 22). EMC's motion for a more definite statement was denied, but its motion to dismiss counts II, III, and IX through XXX was granted. (*Id.*). With counts I and VIII still pending against it, EMC answered Plaintiffs' complaint on July 20, 2011, asserting six "affirmative defenses": (1) the complaint's failure "to state a claim upon which relief can be granted," (2) EMC's good faith compliance with all applicable laws, (3) estoppel, (4) release, (5) statute of frauds, and (6)

waiver.   (ECF No. 24 ¶¶ 170-172).[2]   Plaintiffs moved to strike these six affirmative defenses (ECF No. 26), and EMC opposed this motion (ECF No. 28).

## II.  Standard of Review

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which gives the court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   While it is generally accepted that a motion to strike "is neither an authorized nor proper way to procure the dismissal of all or part of" a pleading, 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 391 (3d ed. 2004), some courts have found that an untimely answer may be stricken in its entirety under certain circumstances, *see Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp.2d 2, 8 (D.D.C. 2004).   In any context, however, Rule 12(f) motions seek "a drastic remedy which is disfavored by the courts and infrequently granted." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W.Va. 1993); *see also Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

---

[2] EMC also reserved the right to raise additional defenses that it discovered through the course of discovery.   (*Id.* ¶ 173).

## III. Analysis

Plaintiffs have moved to strike the six affirmative defenses asserted by EMC by contending that they fail to satisfy the pleading requirements set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). EMC argues, in response, that *Twombly* and *Iqbal* do not apply to affirmative defenses because they merely interpreted Rule 8(a)(2), which addresses the requirements for pleading a claim for relief.

Before addressing the merits of these arguments, a brief review of *Twombly* and *Iqbal* is warranted. In *Twombly*, the Supreme Court considered whether a complaint asserting violations of ¶ 1 of the Sherman Act could survive a motion to dismiss when it alleged "parallel conduct" and contained only a conclusory assertion that the defendants had entered into a "contract, combination, or conspiracy." 550 U.S. at 550. Reasoning that a complaint must set forth facts demonstrating that the claim "is plausible on its face," the Court concluded that the *Twombly* plaintiffs had failed to "nudge[] their claims across the line from conceivable to plausible" because their parallel conduct allegation more likely suggested the defendants' "natural, unilateral" engagement in free-market behavior. *Id.* at 565-66. The Court also rejected legal labels

and conclusions that were devoid of supporting facts, thereby refusing to credit the plaintiffs' mere assertion that a "contract, combination, or conspiracy" existed. *Id.* at 555-57, 564.

The Court clarified *Twombly* in the *Iqbal* opinion, setting forth a two-pronged analytical approach for evaluating the sufficiency of a complaint under Rule 8.   129 S.Ct. at 1950. First, bare legal conclusions that do nothing more than recite the elements of a cause of action need not be credited, and the courts may exclude them from the Rule 8 analysis entirely.  *Id.* Second, in order to state a claim, the complaint must "plausibly give rise to an entitlement to relief," a showing that requires more than the "mere possibility of misconduct."  *Id.*

Neither *Twombly* nor *Iqbal* expressly addressed the pleading requirements applicable to affirmative defenses, and district courts throughout the country have since debated the issue.[3]  The majority of district courts, including those within this circuit, have concluded that the *Twombly-Iqbal* approach does apply to affirmative defenses.  *See, e.g.*, *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 536 (D.Md. 2010); *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233 (E.D.N.C. 2010).

---

[3]  To date, the Supreme Court and the circuit courts of appeals have not addressed this issue.

These opinions have principally relied on two justifications to reach this conclusion.  First, they reason that "'it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for [a] claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.'" *Racick*, 270 F.R.D. at 233 (quoting *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179, at *4 (W.D.Va. June 24, 2010).  Second, they cite the importance of litigation efficiency, explaining that boilerplate defenses serve only to "clutter the docket and . . . create unnecessary work" by requiring opposing counsel to conduct unnecessary discovery. *Bradshaw*, 725 F.Supp.2d at 536 (internal quotation marks and citations omitted).

In response, the small minority of courts within this circuit rejecting the application of the *Twombly-Iqbal* pleading standard to affirmative defenses have relied on either the absence of an appellate court opinion on the issue or have concluded that *Twombly* and *Iqbal* confined themselves to the sufficiency of claims for relief under Rule 8(a).  *See Amason v. PK Mgmt.*, No. 3:10-1752-MJP-JRM, 2011 WL 1100211, at *8 (D.S.C. Mar. 1, 2011); *Lopez v. Asmar's Mediterranean Food, Inc.*, No.

1:10cv1218, 2011 WL 98573, at *2 (E.D.Va. Jan. 10, 2011).   For instance, in *Lopez*, the court focused on the wording differences between Rule 8(a), which requires the pleader to show entitlement to relief, and Rule 8(b), which requires only a statement of the defense in "short and plain terms."   The *Lopez* court then stated that both *Twombly* and *Iqbal* focused on Rule 8(a)'s "entitlement to relief" language to justify its conclusion that these opinions "begin and end with interpretations of Rule 8(a)(2)'s required showing that the pleader is entitled to relief."  *Id.*

The majority's resolution of this issue presents the more reasoned view, and the text of the Federal Rules supports this conclusion.   While the language of Rules 8(a) and 8(b) is certainly not identical, those sections contain important textual overlap, with both subsections requiring a "short and plain" statement of the claim or defense.   Additionally, Form 30, appended to the Federal Rules pursuant to Rule 84, strongly suggests that bare-bones assertions of at least some affirmative defenses will not suffice, as the Form's illustration of a statute of limitations' defense sets forth not only the name of the affirmative defense, but also facts in support of it.   Given Rule 84's focus on illustrating "the simplicity and brevity that these rules contemplate," the additional factual detail

contained in Form 30 is hardly superfluous.   In prohibiting conclusory, implausible allegations, *Twombly* and *Iqbal* thus merely made explicit principles long implicit in the general pleading requirements of the Federal Rules.

Additionally, *Twombly* and *Iqbal* recognize the fairness and efficiency concerns highlighted by district courts that have subsequently applied those standards to affirmative defenses. All pleading requirements exist to ensure that the opposing party receives fair notice of the nature of a claim or defense. *Bradshaw*, 725 F.Supp.2d at 536.   The Supreme Court has long recognized this concern, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544, and it did not go unnoticed in *Twombly*, thus supporting the application of that approach to affirmative defenses.   *See Twombly*, 550 U.S. at 561 (acknowledging the "need for fair notice" within a plaintiff's complaint).   Litigation efficiency is also an important rationale underlying the *Twombly* and *Iqbal* opinions.   *See Twombly*, 550 U.S. at 558–59 (discussing the need for "some specificity in pleading before allowing a potentially massive factual controversy to proceed" (internal quotation marks and citations omitted)); *Iqbal*, 129 S.Ct. at 1950 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").   Cases refusing to

apply the *Twombly-Iqbal* approach to affirmative defenses attempt to downplay these efficiency concerns by noting that the opposing party can simply obtain additional facts through limited discovery forms such as contention interrogatories. *Lopez*, 2011 WL 98573, at *2.  This response, however, ignores precisely the type of unnecessary discovery that troubled the Supreme Court in *Twombly* and *Iqbal* and that has since troubled courts applying their approach to affirmative defenses.  *See, e.g.*, *Twombly*, 550 U.S. at 572 (Stevens, J., dissenting) (explaining that the majority's holding did not even permit "limited discovery" to determine whether a conspiracy existed among the defendants).  Therefore, although *Twombly* and *Iqbal* specifically addressed the sufficiency of a complaint under Rule 8(a), the Court likely did not intend to confine its holdings to complaints alone.

Plaintiffs here seek to strike six "affirmative defenses" set forth by Defendants: (1) failure to state a claim upon which relief can be granted, (2) good faith compliance with all applicable laws, (3) estoppel, (4) release, (5) statute of frauds, and (6) waiver.[4]  In the wake of *Twombly* and *Iqbal*, many

---

[4] Defendants characterize Plaintiff's purported failure to state a claim for which relief can be granted as an "affirmative defense," and Plaintiffs do not challenge this classification. Rule 8(c) does not define the contours of affirmative defenses,

courts have concluded that the assertion that a complaint fails to state a claim for which relief could be granted is merely conclusory, and they have stricken it accordingly. *See Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, No. ELH-10-02091, 2011 WL 631145, at *15 (D.Md. Feb. 11, 2011); *Racick*, 270 F.R.D. at 234-35; *Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. L-09-3102, 2010 WL 2998836, at *1-2 (D.Md. July 27, 2010). This conclusion, however, overlooks Form 30, which authorizes generic language regarding a complaint's failure to state a claim, thus implicitly demonstrating that such language satisfies the pleading requirements set forth in the Federal Rules. *Twombly* and *Iqbal* certainly clarified these requirements, but they did nothing to alter the language contained within either the Federal Rules or its appendix. For this reason alone, Plaintiff's request to strike Defendant's first "affirmative defense" must fail. The lack of practical consequence in striking this defense bolsters the conclusion that it need not

---

and courts have frequently disagreed about whether failure to state a claim constitutes such a defense. *Compare Martin v. Sw. Va. Gas Co.*, 135 F.3d 307, 309 (4th Cir. 1998) (recognizing failure to state a claim as an affirmative defense), *with Cheney v. Vitro Am., Inc.*, No. 7:10-cv-00246, 2010 WL 5125281, at *1 (W.D.Va. Dec. 9, 2010) (noting that failure to state a claim is not an affirmative defense). This debate need not be resolved here, however, because the parties do not raise the issue and, as explained below, striking this defense (whatever the reason) would serve no practical purpose.

be stricken.   Rule 12 expressly permits a party to raise the defense of failure to state a claim in any responsive pleading, as well as when moving for judgment on the pleadings and at trial.   Although EMC waived the right to bring a Rule 12(b)(6) motion by filing its answer, that waiver does not impact EMC's ability to raise the same defense at a later time.   EMC's defense that Plaintiffs have failed to state a claim thus will not be stricken.

A different result must obtain in regard to EMC's five remaining defenses.   Each of those defenses sets forth conclusory legal statements wholly devoid of any factual content to support them.   As a result, they fail to set forth in "short and plain" terms the nature of the asserted defense and violate Rule 8's general pleading requirements, as illustrated and interpreted through Form 30, *Twombly*, and *Iqbal*.   *See, e.g.*, *Bradshaw*, 725 F.Supp.2d at 536 (striking a defense that the defendant had "[a]t all times . . . acted in good faith"); *Francisco v. Verizon South, Inc.*, No. 3:09cv737, 2010 WL 2990159, at *8 (E.D.Va. July 29, 2010) (granting a plaintiff's motion to strike a defense of "good faith efforts to comply with all applicable laws, rules, and regulations"); *Racick*, 270 F.R.D. at 237 (striking "estoppel" and "waiver" defenses as "bare legal conclusion[s]"); *Peoples State Bank of Wyalusing, PA*

12

*v. Wellsburg Truck Auto Sales, Inc.*, No. 3:10-CV-433, 2010 WL 4922877, at * 4 (M.D.Pa. Nov. 29, 2010) (striking a statute of frauds defense that did "not state in any way why Defendants [were] entitled to [it]" when Rule 8(b) requires a statement of the defense in "short and plain terms").   Therefore, EMC's defenses of good faith compliance with all applicable laws, estoppel, release, statute of frauds, and waiver will be stricken.

The deadline for amendment of pleadings in the scheduling order passed on September 9, 2011.   (ECF No. 25).   In light of this decision, EMC may have an additional twenty-one days to file a motion for leave to amend its answer.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' motion to strike affirmative defenses will be granted in part and denied in part. EMC will be permitted to file a motion for leave to amend its answer in accordance with this Opinion.   A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
